NELSON V GIOFFREDI



NO. 07-01-0284-CV 


 

IN THE COURT OF APPEALS 


 

FOR THE SEVENTH DISTRICT OF TEXAS 


 

AT AMARILLO 


 

PANEL D 


 

JANUARY 29,2002 


_________________________________ 


 

CHARLES F. NELSON, JR., 


TEXAS DEPARTMENT OF CRIMINAL JUSTICE # 843489, 


 

 Appellant 

 

v. 


 

GIOFFREDI and ASSOCIATES and RICHARD HOWARD, 


 

 Appellees 

_________________________________ 


 

FROM THE 181ST JUDICIAL DISTRICT FOR POTTER COUNTY 


 

NO. 88,366-B; HON. JOHN B. BOARD, PRESIDING 


_______________________________ 


 

Before Boyd, C.J., Quinn, and Reavis, JJ. 

 Charles F. Nelson, Jr., (Nelson), a current inmate with the Texas Department of
Criminal Justice (TDCJ), appeals from an order dismissing his suit against Gioffredi and
Associates (Gioffredi) and Richard Howard (Howard), an associate of Gioffredi. Via his pro
se brief, he contends the trial court erred in dismissing the action. We affirm. 

Background 


 Upon being convicted of a criminal offense, Nelson sued Howard and Gioffredi, his
legal counsel in the criminal prosecution. He invoked the status of pauper and prosecuted
the action pro se. Furthermore, the claims underlying the suit pertain to his counsel's
performance and conduct while representing him in the criminal prosecution. Among other
things, counsel allegedly was ineffective and committed, among other things, negligence,
fraud, and forgery. Moreover, because of that supposed misconduct, Nelson purportedly
suffered injury for which he sought monetary redress. 

 Upon receiving service of process, Howard and Gioffredi joined issued. Shortly
thereafter, the trial court dismissed the action pursuant to §14.003 of the Texas Civil
Practice and Remedies Code. According to the court, the claim was frivolous and
malicious in that 1) "the claim's realistic chance of ultimate success [was] slight," 2) "the
claim ha[d] no arguable basis in law or in fact," 3) "it [was] clear that Mr. Nelson [could not]
prove facts in support of his claim," and 4) "the claim [was] substantially similar to a
previous claim filed by this inmate because the claim arises from the operative facts (sic)." 
The order further refers to "Cause No. 87,773-E; Charles F. Nelson, Jr. vs. Rick Howard,
et al; 108th Judicial District Court, Potter County, Texas."

Standard of Review 


 Statute permits a trial court to dismiss an action initiated by an inmate proceeding
in forma pauperis. Tex. Civ. Prac. & Rem. Code Ann. §14.003(a) (Vernon Supp. 2001). 
Before doing so, however, the trial court must first find either that the allegations of poverty
were false, that the action was frivolous or malicious, or that the inmate executed a false
affidavit or unsworn declaration. Id. at §14.003(a). Next, in determining whether the action
is frivolous, the court may consider whether 1) the plaintiff's "realistic chance of ultimate
success is slight," 2) the claim lacks "arguable merit in law or fact," 3) the plaintiff can prove
a set of facts supporting his claim, or 4) the claim arises from the same operative facts as
a previous claim filed by the inmate. Id. at §14.003(b). Finally, the decision to dismiss is
reviewed under a standard of abused discretion. See Morris v. Collins, 916 S.W.2d 527,
528 (Tex. App.--Houston [1st Dist.] 1995, no writ) (stating that a trial court has broad
discretion to determine whether to dismiss under 13.001). And, discretion is abused when
the court acted arbitrarily, unreasonably, or without reference to guiding principles. 
Harrison v. Texas Dept. Crim. Justice, 915 S.W.2d 882, 887 (Tex. App.--Houston 1995,
no writ). 

Application of Standard 


 Nelson, via four issues, contends that the trial court abused its discretion in
dismissing his suit. We disagree.

 Practically speaking, to gain reversal, Nelson must illustrate that none of the
grounds upon which the trial court acted were legitimate. If he did not do so, then we could
affirm the decision on the ground that he failed to prove erroneous. 

 Furthermore, the various causes of action alleged by Nelson pertain to the quality
of representation provided him by Howard and Gioffredi and how that representation
resulted in his particular conviction. As such, they amount to nothing more than allegations
of legal malpractice. See Greathouse v. McConnell, 982 S.W.2d 165, 172 (Tex.
App.-Houston [1st Dist.] 1998, pet. denied) (stating that although the plaintiff alleged
causes of action sounding in fraud, deceptive trade practice, breach of fiduciary duty, and
good faith and fair dealing they were nothing more than claims of legal malpractice). Next,
one convicted of a crime may maintain legal malpractice claims involving that conviction
only if he has been exonerated on direct appeal, through post-conviction relief, or
otherwise. Douglas v. Delp, 987 S.W.2d 879, 884 n.1 (Tex. 1999), quoting, Peeler v.
Hughes & Luce, 909 S.W.2d 494 (Tex. 1995) (plurality opinion). 

 At bar, it is clear from the pleadings of Nelson that he attributes to Howard and
Gioffredi misconduct resulting in his conviction and purported injury. Yet, nowhere does
he allege that he was exonerated of guilt viz that conviction through appeal or otherwise. 
Consequently, he failed to state a viable cause of action, and the trial court did not err in
finding that his claims lacked arguable merit in law and, therefore, were frivolous. And,
because the court did not err in that regard, Nelson failed to prove that none of the grounds
cited by the trial court supported dismissal.

 We affirm the judgment.


 Per Curiam


Do not publish.